UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRIVE FINANCIAL SERVICES, LP, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-1288-G |
| PAUL L. GINSBURG, | ) ) | **ECF** |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs Drive Financial Services, LP and Drive Trademark Holdings, LP (collectively, "plaintiffs" or "Drive") to review the taxation of costs in this case. For the reasons stated below, the motion is denied.

After judgment dismissing this case for lack of personal jurisdiction was entered on July 19, 2007, the defendant submitted a bill of costs, with an attached itemization, in the amount of $1,351.30. *See* Bill of Costs, August 2, 2007 (Docket Entry #46). Costs were taxed accordingly. This motion followed.

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). These

costs sought by Ginsburg are recoverable exclusively under 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001). Pursuant to § 1920, the court may tax as costs (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920.

The Fifth Circuit has also held that the party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was "necessarily obtained for use in the case." *Fogleman v. ARAMCO (Arabian American Oil Company)*, 920 F.2d 278, 285-86 (5th Cir. 1991). This is a factual determination to be made by the district court and the Fifth Circuit accords district courts "great latitude" in making this determination. *Id.*

Drive challenges two specific categories of costs submitted by Ginsburg: (1) $358.00 in costs related to the acquisition of certified copies of public records from the Delaware Secretary of State; and (2) $128.25 in costs for expenses incurred by Ginsburg's counsel in preparing color copies of exhibits. Plaintiff's Objection and

Motion for Review of Order of Bill of Costs ("Motion for Review") at 2.  Drive argues that "it should not be required to pay Ginsburg's expenses in preparing documents that the Court struck."  *See* Motion for Review at 3 (referring to the Memorandum Opinion and Order which granted the plaintiffs' motion to strike certain exhibits to the defendant's Reply Appendix (Docket Entry #44)).  The defendant has not responded to the plaintiffs' motion.

### 1. Certified Public Record Expenses

Ginsburg requests $358.00 in fees for exemplification and copies of papers necessarily obtained for use in the case, to wit, certified copies from the Delaware Secretary of State.  *See* Bill of Costs.  Though the court did grant Drive's motion to strike the exhibits, the court still finds that the documents were "necessarily obtained for use in the case," as required under 28 U.S.C. § 1920.  The court is satisfied that obtaining this information was necessary for the defendant to use in opposing against the claims asserted by the plaintiff, and furthermore the court finds that the defendant has met his burden of supporting his request for costs with evidence.  *See* Bill of Costs.  Accordingly, the court finds that Ginsburg is entitled to recover the $358.00 in costs.

### 2. Photocopying Expenses

Expenses incurred for photocopying are recoverable to the extent the photocopies are for documents or exhibits used in the case. See *Scribner v. Waffle*

*House, Inc.*, No. 3:91-CV-2667-R, 1998 WL 47640, at *1 (N.D. Tex. Feb. 2, 1998) (Buchmeyer, J.). Ginsburg requests $128.25 for fees and disbursements for printing. *See* Bill of Costs. The plaintiffs argue again that because the exhibits were stricken due to untimeliness, the plaintiffs should not bear the costs. *See* Motion to Review at 3. Alternatively, Drive requests an accounting from Ginsburg. *Id.* Though the defendant was ultimately unsuccessful in his attempt to include the exhibits in the Reply Appendix, the exhibits were a necessary component of that motion. Accordingly, the court finds that the costs were incurred for papers necessarily obtained for use in this case, and that the defendant has met his burden of evidentiary support. *See* Bill of Costs.

The plaintiffs' objection and motion for review of order of bill of costs is **DENIED**. Accordingly, the amount to be taxed shall remain $1351.30.

**SO ORDERED**.

September 18, 2007.

_____
A. JOE FISH
CHIEF JUDGE